IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-30483
_____


SHERIDAN PHILLIP RICHARD;
LISA GARY RICHARD,

                                        Plaintiffs-Appellants,

                          and

INSURANCE COMPANY OF NORTH AMERICA,

                                  Intervenor Plaintiff-Appellant,

                          versus

CLARK REED; INTERNATIONAL SYSTEMS &
CONTROLS CORPORATION; R.J. GREENVILLE;
REED JOSEPH COMPANY; HIGHLANDS INSURANCE
COMPANY; THOMAS CONVEYOR COMPANY
INCORPORATED; MODERN FARM SYSTEMS
INCORPORATED; BLOUNT AGRICULTURE
INDUSTRIAL CORPORATION; SCREW CONVEYOR
CORPORATION; F M C CORPORATION, also known
as Food Machinery Corporation,

                                        Defendants,
                          and

BLUFFTON AGRICULTURE INDUSTRIAL
CORPORATION; AETNA CASUALTY &
SURETY CO.,

                                        Defendants-Appellees.

_____

        Appeal from the United States District Court for the
                 Western District of Louisiana
                        (88-CV-1821)
_____
                    September 9, 1996

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The Richards have had a difficult time in determining whom they should sue for their very serious injuries. They sued one group of defendants, and later voluntarily dismissed the complaint. They soon found a new lawyer and were allowed to reinstate their complaint against a second group of defendants. Finally, some six years after they filed their first complaint, they added a third group of defendants to their once-dismissed-and-many-times amended complaint. The district court dismissed the third group of defendants on grounds that the one-year prescriptive period barred the plaintiff's claims against this group of defendants.

We cannot turn back the hands of the prescriptive clock for the Richards so as to allow them to add these defendants. We therefore affirm the district court and hold that neither the Louisiana in solido liability doctrine for joint tortfeasors, nor the federal relation-back doctrine that may allow suit against untimely sued defendants, separately or in combination, will save the plaintiffs' claim.

I

In October 1987, Sheridan Phillip Richard slipped into a

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

conveyor system, and his leg was amputated above his knee. Over the course of seven years and five amended petitions, Richard and his wife (the "Richards") sued various manufacturers, sellers and installers of the conveyor system for their injuries and damages. Initially, within the one-year Louisiana prescription period, they sued "Clark Reed and Berthell Joseph, d/b/a Reed-Joseph International," and, in an amended petition, "International Systems Controls Corporation, Inc." ("ISC"). In the fall of 1988, a few months after the one-year period had prescribed, these defendants (the "Group I defendants") filed motions to dismiss for lack of personal jurisdiction. The district court granted the motions in late 1988 and early 1989. These dismissals were not appealed.

In November 1988, a month and a half after the prescriptive period had expired (and before the district court had ruled on the pending motions to dismiss), the Richards amended their petition to name Reed-Joseph Company,[1] and its insurer, Highlands (the "Group II defendants").[2] In June 1991, the Richards' attorney filed a motion and order seeking voluntary dismissal of their case with

---

[1]Reed-Joseph Company was incorrectly named because Reed-Joseph Company had changed its name in 1978 to Greenville R.J., Inc.

[2]The district court allowed the untimely addition of these defendants under the "relation-back" doctrine, discussed more fully below.

prejudice.[3] As of that date, the Group II defendants were the only defendants in the case, the Group I defendants having been dismissed earlier. The district court granted the motion for voluntary dismissal, as well as a similar motion by Insurance Company of North American ("INA"), which had intervened for recovery of worker's compensation benefits that it had paid Richard. In September 1991, a new law firm for the Richards filed a Rule 60(b) motion to reinstate the case. In May 1992, the district court granted the motion, and also reinstated INA's intervention. Still, the only defendants in the case were the Group II defendants.

Over the next year, the Richards amended their complaint several times in an attempt to name the proper defendants. Finally, in January 1994, the Richards filed their fifth supplemental and amended petition, naming Bluffton Agri-Industrial Corporation ("Bluffton") and Aetna Casualty & Surety Company ("Aetna") as defendants in the lawsuit. The Richards alleged that, under applicable Louisiana law, Bluffton and Aetna were "solidary obligors" with the Group II defendants, and were therefore subject to suit outside the one-year prescriptive period. The earliest

_____

[3]Between early 1989 and June 1991, the case was closed and then ordered reinstated. Neither party has indicated that this first dismissal and subsequent reinstatement have any bearing on our review of this appeal.

possible date Bluffton and Aetna had any notice of this suit was sometime in the fall of 1993, well after the prescriptive period had expired.

After they were added as defendants, Bluffton and Aetna filed a motion for summary judgment, arguing that the Richards' claims against them were prescribed. The district court granted the motion, and signed a judgment certifying its ruling for immediate appeal under 28 U.S.C. § 1292(b). Shortly thereafter, the district court signed a Rule 54(b) judgment, allowing an appeal as of right. The issue before us today is whether the district court erred by granting summary judgment in favor of Bluffton and Aetna, holding that Richard's fifth amended petition, naming Bluffton and Aetna as defendants, did not "relate back" to the original petition, and therefore did not interrupt the one-year prescriptive period.

## II

### A

Under Louisiana law, personal injury actions are governed by a one-year prescriptive period. LSA-C.C. art. 3492. LSA-C.C. art. 3462 governs interruption of prescription by the filing of a suit or by service of process within the prescriptive period:

> Prescription is interrupted when the . . . obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.

LSA-C.C. art. 3462. Furthermore, if the one-year prescriptive period is interrupted, LSA-C.C. art. 1799 provides that the interruption of prescription against one solidary obligor is effective against all solidary obligors.

At the outset, we should clarify the status of the Group I defendants: although they are dismissed, and for that reason alone are irrelevant, they are also irrelevant because they apparently had no liability to the plaintiffs in the first place. Thus, for the purpose of applying the Louisiana in solido principle of LSA-C.C. art. 1799, the Group I defendants have no value to the plaintiffs. The fact that they were sued within one year of the alleged tort, therefore, did not interrupt the prescriptive period as to either Group II or Group III defendants.

Because the Group II defendants were not, in fact, served within the prescriptive period, the plaintiffs were forced to rely on Federal Rule of Civil Procedure 15(c)(2), in order properly to bring Group II in as defendants. That rule, before it was amended in 1991, provided in pertinent part:

> (c) **Relation Back of Amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be

-6-

brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c) (amended 1991).[4]

Under Rule 15(c), an amended complaint relates back to the time of the original complaint when these conditions are met:

---

[4]The rule in its current form reads as follows:

(c) **Relation Back of Amendments.**
An amendment of a pleading relates back to the date of the original pleading when:
(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
(2) the action or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, or
(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c). In their briefs to this court, both parties refer to this current version of the rule. Obviously, however, the district court applied the pre-1991 rule, because the court allowed the joinder of the Group II defendants in November of 1988. In either case, we are not asked to review the propriety of the district court's application of the relation-back doctrine, under pre- or post-1991 rules.

1.   The basic claim in the subsequent complaint must have arisen out of the conduct set forth in the original complaint;

2.   The party sought to be added must have received notice of the action such that it will not be prejudiced in maintaining its defense;

3.   That party must know or should have known that but for a mistake concerning identity, the action would have been brought against it; and,

4.   The second and third requirements must have been fulfilled within the applicable limitations.

Schiavone v. Fortune, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986).  The same criteria are used under Louisiana state law.  Ray v. Alexander Mall, 434 So. 2d 1083 (La. 1983).  The defendants do not contend that the relation-back doctrine was applied improperly to name the Group II defendants after the prescriptive period had run.

We now turn to the merits of the arguments presented in this appeal.

B

The Richards' argument may be summed up as follows:  although the Group II defendants were sued untimely, under the federal relation-back rule, they have been made, for all legal purposes, timely sued defendants.  Thus, the Richards continue, at the moment the Group II defendants were made parties, the Louisiana prescriptive period was interrupted.  When the prescriptive period was interrupted as to Group II, under LSA-C.C. art. 1799 the

-8-

prescriptive period was interrupted against all solidary obligors. Because Group III is alleged to be liable in solido with Group II, the prescriptive period was simultaneously interrupted as to Group III. The one-year prescriptive period provided in LSA-C.C. art. 3492 therefore will not bar the Richards' claim against Group III.

In response to this argument, Bluffton and Aetna first observe that it is uncontested that they were not added as defendants until 1994 and that they had no previous notice of the lawsuit as required by Federal Rule 15; thus, they are not viable defendants under the federal relation-back doctrine alone. They further contest the Richards' attempt to make them solidary obligors with the Group II defendants under LSA-C.C. art. 1799. The period for filing suit had indisputably prescribed by the time the Group II defendants were added to the lawsuit; the application of the federal relation-back doctrine therefore could not have "interrupted," under Louisiana law, the already-expired prescriptive period. Bluffton and Aetna therefore argue that the Richards cannot apply the relation-back doctrine to establish in solido liability provided for under LSA-C.C. art. 1799, in order to create for themselves a window of opportunity to name additional defendants ad infinitum.

III

The question, then, is this: was the prescriptive period ever

-9-

interrupted as to one solidary obligor who remains a defendant in the suit, so as to effectively interrupt the prescriptive period as to all solidary obligors?  More specifically, the question is whether the federal relation-back doctrine, and the Louisiana in solido doctrine--neither of which, when applied individually, can save the Richards' lawsuit against Bluffton and Aetna--can somehow be combined to produce a synergistic effect that gives life to an otherwise lifeless claim.

Although the parties agree that there is no case directly on point, Bluffton and Aetna cite cases that, by analogy, support their position.  In Simeon v. Doe, 602 So. 2d 77 (La. App. 4th Cir. 1992), rev'd in part on other grounds, 618 So. 2d 848 (La. 1993), the decedent died from eating raw oysters.  Within the one-year prescriptive period, the plaintiffs sued the restaurant; a few days after the one-year period had prescribed, they sued the company that supplied the oysters.  Well outside the prescriptive period, they also sued the Louisiana Department of Health and Human Resources ("DHHR").  All defendants except DHHR were dismissed. DHHR then sought dismissal by filing an exception of prescription. The trial court denied the exception, but the court of appeal reversed and dismissed the claim against DHHR on the basis of prescription.  The court wrote: "Plaintiffs alleged that the timely sued defendants and DHHR were solidarily liable, however, when all

other defendants were dismissed, plaintiffs could no longer prove a solidary obligation between DHHR and a timely sued defendant. Therefore, prescription was not interrupted with regard to plaintiffs' action against DHHR because of a timely filed suit against a solidary obligor." Simeon, 602 So. 2d at 83.

Simeon makes clear in our case that, because Group I are no longer defendants, the timely suit against that group cannot be the basis for interrupting the prescriptive period against Bluffton and Aetna, under the Louisiana solidary obligor statute. Once the Group I defendants were dismissed, they no longer were liable for the alleged tort. Consequently, the Group I defendants were not liable in solido with any defendants, including the subsequently joined Group III defendants. Moreover, the untimely sued Group II defendants remain parties, not because of the operation of LSA-C.C. art. 1799, but by virtue of Federal Rule of Civil Procedure 15. Simeon, however, does not directly answer whether the federal relation-back doctrine served to **interrupt** the prescriptive period.

The Richards cite no cases in support of their theory that the federal relation-back doctrine serves to interrupt the Louisiana prescriptive period. However, the intervenor, INA, cites Billiot v. American Hospital Supply Corporation, 721 F.2d 512 (5th Cir. 1983), in support of its argument that prescription was interrupted in this case. In Billiot, the plaintiff sued a prosthesis

manufacturer within the one-year prescriptive period. Outside that period, she amended her complaint to name the operating surgeon as a defendant. The Fifth Circuit held that since she had timely sued defendants who were bound in solido for her injuries, prescription was interrupted as to the late-added surgeon defendant.

Bluffton and Aetna correctly point out that this case does little to help the court to determine whether, in the present case, prescription was interrupted so as to save a claim against the Group III defendants. The distinction between Billiot and our case is obvious; in Billiot, at least one defendant who was a solidary obligor was sued within the prescriptive period. In the present case, no solidary obligor was sued within the prescriptive period.

B

Thus, in the last analysis, this case may be clearly and to the point decided. Simeon makes absolutely clear that the Richards cannot base interruption of the one-year prescriptive period on the in solido doctrine of LSA-C.C. art. 1799, where no timely sued solidary obligor remains in the case. None remain here. Moreover, with respect to Federal Rule of Civil Procedure 15 and the federal relation-back doctrine, the Richards do not even argue that they are entitled to its benefit; it is undisputed that Bluffton and Aetna did not receive notice of the Richards' lawsuit, nor did they know that, but for a mistake concerning identity, the action would

-12-

have been brought against them.  See Schiavone, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986).

Further, the Richards' argument that Rule 15 served to "interrupt" the state prescriptive period (as applied to the Group II defendants, and hence to their solidary obligors, the Group III defendants) has no support in any case law, and for good reason: as a matter of logic, an expired period cannot be "interrupted"; Rule 15 simply says that, notwithstanding that the period has prescribed, under specified circumstances an exception will be made to the statute's bar of claims by creating a legal fiction regarding the proposed amendment affecting those specific parties. The rationale of the relation-back rule  "is to ameliorate the effect of the statute of limitations, rather than to promote the joinder of claims and parties."  6A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1497, at 85 (1990) (emphasis added).  Although the application of Rule 15 surely affects rights under statutes of limitations, it affects rights only belonging to those who qualify for its equitable benefits.  In this case, the Richards are entitled to claim no benefit of the federal rule in their effort to bring Bluffton and Aetna into this lawsuit.

In sum, the Richards, having no right to claim the direct benefit of either the state statute or the federal rule, cannot

create and then claim a collateral benefit of both.[5]

## IV

## CONCLUSION

The Richards have asked that we certify the issue presented by this case to the Louisiana Supreme Court. We find certification inappropriate in this case. First, it is not clear from the Richards' brief what the certified issue would be, or whether that issue would be one involving state law. Second, the legal issue we decide today, insofar as it presents an unsettled question at all, is ultimately a question of federal procedural interpretation: whether Federal Rule of Civil Procedure 15(c) may be applied in such a manner as to extend a state limitations or prescriptive

---

[5]As an alternative ground for affirmance, Bluffton and Aetna argue that the plaintiffs' voluntary dismissal with prejudice served to "cut off" the interruption of the prescriptive period (if there ever was such an interruption), so that Aetna and Bluffton were not timely sued under any theory. They argue that even if this court ruled that the relation-back doctrine operated to interrupt the prescriptive period, the dismissal of the entire suit with prejudice in 1991 "wiped the slate clean," allowing the prescriptive period to run against Bluffton and Aetna. They cite Rule 60(b), which provides, "A motion under Rule 60(b) does not affect the finality of a judgment or suspend its operation."

The Richards filed no reply brief, so we have no counterargument on this issue. At its heart, however, the argument is a challenge to the district court's reinstatement of the case in the first place since, if Bluffton and Aetna are correct as to the effect of the voluntary dismissal with prejudice, the prescriptive period would seem to have run as to <u>all</u> the defendants, and the district court therefore should not have allowed reinstatement.

Although this argument may have served as a second ground upon which to affirm the dismissal of the complaint, in the light of our affirmance on other grounds, we need not address its merits.

-14-

period against potential parties who are not subject to the terms of Rule 15.  We have answered that question in the negative.  The district court's ruling must therefore be and is

A F F I R M E D.